**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARCELL DAVIS,<br>        Plaintiff,<br><br><br>v.<br><br><br>CITY OF CHICAGO, AND<br>OFFICER HARTWIG #18726,<br>OFFICER CEJA #3101, AND<br>OFFICER SANCHEZ,<br>In their individual capacities,<br>        Defendants. | Case No. 25-cv-09846<br>District Judge<br><br>District Judge Franklin U. Valderrama<br><br><br><br><br>Jury Demanded |

## AMENDED COMPLAINT

NOW COMES Plaintiff MARCELL DAVIS, by and through his attorney S.T. ALLEN Law, P.C. and for his complaint against the CITY OF CHICAGO, a municipal corporation, and OFFICER HARTWIG #18726, OFFICER CEJA #3101 AND OFFICER SANCHEZ (Collectively "Defendants") state the following:

## CAUSE OF ACTION

1. This is an action for damages brought pursuant to 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution, and under the law of the state of Illinois, against the City of Chicago, Officer Hartwig, Officer Ceja, and Officer Sanchez.

2. On February 24, 2025, Defendant Officers unlawfully and without justification detained Plaintiff, attempted to force their way into his vehicle and eventually arrested Plaintiff.

3. As a result of the misconduct of the defendants, Plaintiff suffered severe personal, physical, and emotional injuries.

## JURISDICTION AND VENUE

4. This action arises under 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction of Plaintiff's state law claims.

5. Venue in the United States District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(a)(1) and (2) because the Defendants are subject to personal jurisdiction in this judicial district and all of the events that give rise to the case occurred in this judicial district.

## THE PARTIES

6. Plaintiff, Marcell Davis, is a resident and citizen of the State of Illinois.

7. At all relevant times, Officer Hartwig, Officer Ceja and Officer Sanchez were duly appointed members of the Chicago Police Department.

8. At all relevant times, the Defendant Officers were acting under the color of the State law and in the course of the scope of their employment with the City of Chicago.

9. At all relevant times, Defendant City of Chicago ("Defendant City") was an Illinois municipal corporation. Defendant City is liable for the wrongful acts and omissions of the Defendant Officers taken in the course and scope of their employment pursuant to the Defendant City of Chicago's statutory obligation to indemnify them.

## FACTUAL ALLEGATIONS

10. On February 20, 2024, at approximately 7:45 PM, Plaintiff was sitting inside of his grey SUV while parked inside of the parking lot in-front of his place of employment at 5401 S Wentorth Ave, Chicago, IL 60609.

11. Plaintiff was sitting in his vehicle with two other individuals that he worked with while on break from work.

12. At the same date and time, Defendants CPD Officers Hartwig, Ceja, and Sanchez while in unmarked police vehicles drove directly in front of Mr. Davis's vehicle.

13. Defendant Officers then approached the vehicle with flashlights, with at least one Officer having their gun drawn pointed at everyone in the vehicle.

14. Defendant Officers demanded that Plaintiff and everyone else in the vehicle show their "fucking" hands, to which everyone complied, and to "not do anything stupid." The fact that Mr. Davis had committed no violation, but was still subject to Defendant Officers' aggressive threats created confusion and panic for Mr. Davis.

15. Mr. Davis had his passenger side window rolled down to speak with the Officers and attempted to show one of the Officers his name tag from work to show that he worked in the building and that he was not just hanging around the area for no reason.

16. Defendant Officers decided that was not good enough and told Mr. Davis to open the fucking door and that if he did not open his door, they would breakout his windows.

17. Mr. Davis then asked for a Sergeant and in response one of the Defendant Officers on the scene stated that they were a Sergeant and then spit at everyone in the vehicle.

18. Mr. Davis kept telling the Defendant Officers that they worked at the location and that they were there legally, however Defendant Officer told Mr. Davis that they "did not care" and that they "gave them a chance." At the same time one of the Defendant Officers inquired about whether one of the officers had mace.

19. Defendant Officer then began to count down from five (5) before starting to use some sort of item to smash the window on the passenger side of Mr. Davis's vehicle.

20. While this was going on, Officer Hartwig went to go and get a hammer to smash open the driver side window. More Officers also started to arrive at this point.

21. The Officer Hartwig then returned with a hammer and began to smash the driver's side window in, at which time Mr. Davis and the other occupants opened their doors to stop the officers from further damaging the vehicle.

22. Defendant Officers then placed everyone in handcuffs, while telling Mr. Davis that he should have learned.

23. Mr. Davis was then charged with a slew of charges, all of which were dismissed on August 28, 2024 after the trial court found that the Officers lacked probable cause for their actions and that their police report was littered with inconsistencies and lies.

24. As a direct and proximate result of the willful, wanton, and malicious actions of the Defendant Officers, the Plaintiff suffered the following injuries and damages:

a. Violation of his constitutional rights under the Fourth Amendment to the United States Constitution;

b. Loss of physical liberty;

c. Physical injury and pain; and

d. Mental and emotional trauma

**COUNT I**
**42 U.S.C. § 1983—Unlawful Search and Seizure**
**(Against Defendant Officers)**

25. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

26. At all relevant times, Plaintiff had a constitutional right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

27. Defendant Officers violated Plaintiffs Fourth Amendment rights when they targeted him for an unlawful stop as described above.

28. These Defendants had no reasonable suspicion or probable cause to suspect that Plaintiff had engaged in any violation when they blocked him in while parked in a parking lot. Instead, they targeted him because he was a Black man.

29. These Defendants' actions were objectively unreasonable and resulted in violations of Plaintiff's constitutional rights.

### COUNT II
### 42 U.S.C. § 1983—Fourth Amendment – Excessive Force
### (Against Defendant Officers)

30. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

31. At all relevant times, Plaintiff had a constitutional right to be free from excessive force under the Fourth Amendment to the United States Constitution.

32. Defendant Officers violated Plaintiff's Fourth Amendment rights when they recklessly and unreasonably pointed a gun at Plaintiff without legal justification thereby escalating the encounter and creating chaos and confusion.

33. Pursuant to relevant law and professionally accepted standards, gun pointing is a use of force. Police officers are prohibited from pointing firearms at community members unless the act of pointing a weapon is objectively reasonable under the totality of the circumstances.

34. At the moment these Defendant Officers first pointed their guns at Plaintiff, no reasonable officer could have considered Plaintiff a threat. Therefore, these Defendants' actions and inactions were objectively unreasonable and resulted in violations of Plaintiff's rights.

### COUNT III
### Indemnification

**(Against City of Chicago)**

35. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

36. At all relevant times, City of Chicago is the employer of Officers Hartwig, Ceja, and Officer Sanchez.

37. At all relevant times, Officers Hartwig, Ceja, and Officer Sanchez, were acting in the course and scope of his or her employment by City of Chicago and acting under the color of law.

38. Pursuant to 745 ILCS 10/9-102, City of Chicago is liable for any judgment for compensatory damages, attorney's fees, and costs for the acts and omissions of Chicago Police Department Officers Hartwig, Ceja, and Sanchez.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in their favor and against the Defendants on each count for:

Compensatory damages;

Punitive damages;

Reasonable attorney's fees and litigation costs and expenses; and

Such other and further relies as this Court may deem appropriate under the circumstances.

Respectfully submitted,

/s/ Shay T. Allen

Shay T. Allen
314 N. Loomis, Suite G2
Chicago, IL 60607
Tel: 708.960.0113
Attorney No. 6285625
Email: sallen@attorneyshaytallen.com

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,

*/s/Shay T. Allen*

Shay T. Allen
314 N. Loomis, Suite G2
Chicago, IL 60607
Tel: 708.960.0113
Attorney No. 6285625
Email: sallen@attorneyshaytallen.com